IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

OSIE LEE DAVIS,                          )
                                         )
        Petitioner,                      )
                                         )
v.                                       )        CIVIL CASE NO. 2:21-cv-485-ECM
                                         )                   [WO]
UNITED STATES OF AMERICA,                )
                                         )
        Respondent.                      )

**MEMORANDUM OPINION and ORDER**

On May 15, 2024, the Magistrate Judge entered a Recommendation that Petitioner

Osie Lee Davis' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255 be denied without an evidentiary hearing and that this case be dismissed with

prejudice. (Doc. 26).  On June 4, 2024, the Magistrate Judge granted the Petitioner's motion

for an extension of time to file objections to the Recommendation (doc. 28), and on June

28, 2024, the Petitioner timely filed objections to the Recommendation (doc. 29).

After carefully reviewing the record in this case, the Recommendation of the

Magistrate Judge, and the Petitioner's objections, the Court concludes that the Petitioner's

objections are due to be overruled, the Recommendation of the Magistrate Judge is due to

be adopted, and this case is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the

district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also*

*United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject,

or modify the recommended disposition; receive further evidence; or resubmit the matter

to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

To the extent the Petitioner makes general or conclusory objections, or merely restates arguments previously made to the Magistrate Judge, those objections are due to be reviewed for clear error and due to be overruled.

In his first specific objection, the Petitioner argues that his trial counsel was ineffective because he had the Petitioner stipulate to guilt on the drug distribution charges without explaining the elements of the offenses to the Petitioner. The Magistrate Judge considered this claim and rejected it in a well-reasoned Recommendation. The Petitioner fails to show any error in the Magistrate Judge's analysis or conclusion. Relatedly, the Petitioner contends that his trial counsel was ineffective for having the Petitioner stipulate to guilt just before the trial started because the stipulation tainted the jury's mind. But as the Magistrate Judge reasoned, the Petitioner does not assert that he was innocent of the drug distribution charges. Additionally, as stated in trial counsel's affidavit and the Petitioner's presentence investigation report, the evidence of the Petitioner's guilt on the

2

drug distribution counts was strong.  Thus, on this record, the Petitioner fails to show that he was prejudiced by trial counsel's conduct regarding the stipulation of guilt, assuming without deciding that such conduct constitutes deficient performance.  Consequently, these objections are due to be overruled.

Next, the Petitioner argues that his trial counsel was ineffective for failing to investigate and present evidence which, according to the Petitioner, would have impeached the testimony of a Government witness, Christopher Taylor.  The Petitioner's argument centers on a photograph which purportedly shows Taylor possessing the subject firearm. Again, the Magistrate Judge considered this claim and rejected it in a well-reasoned Recommendation.  The Petitioner fails to show any error in the Magistrate Judge's analysis or conclusion.  Consequently, this objection is due to be overruled.

Additionally, the Petitioner argues that his trial counsel was ineffective for failing to subpoena a witness, Anthony Atwell, who would have impeached Taylor's testimony that his firearm was stolen.  In this objection, the Petitioner mentions new facts which were not alleged in his § 2255 motion and thus not considered by the Magistrate Judge.  In any event, the Petitioner fails to show how testimony refuting Taylor's testimony that his firearm was stolen would have led to a different outcome at trial.  Thus, the Petitioner fails to show that he was prejudiced by his counsel's purported failure to call Atwell as a witness, assuming without deciding that such failure constitutes deficient performance. Consequently, this objection is due to be overruled.

The Petitioner also argues that his trial and appellate counsel were ineffective for failing to pursue arguments challenging the imposition of his sentence as an armed career

3

criminal under the ACCA, 18 U.S.C. § 924(e), and as a career offender under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. Again, the Magistrate Judge considered this claim and rejected it in a well-reasoned Recommendation. The Petitioner fails to show any error in the Magistrate Judge's analysis or conclusion. Consequently, these objections are due to be overruled.

Accordingly, upon an independent review of the record, and upon consideration of the Recommendation, it is

ORDERED as follows:

1.     The Petitioner's objections (doc. 29) are OVERRULED;

2.     The Recommendation of the Magistrate Judge (doc. 26) is ADOPTED;

3.     The Petitioner's 28 U.S.C. § 2255 motion (doc. 1) and amended § 2255 motion (doc. 8) are DENIED without an evidentiary hearing;

4.     This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 3rd day of July, 2024.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE